ZACCANTI *v.* STATE.

Opinion delivered October 7, 1912.

1. STATUTES—CONSTRUCTION.—A proviso in a statute must be construed with reference to the immediately preceding parts of the clause to which it is attached. (Page 62.)

2. LIQUORS—SEVERAL SALES ON SAME DAY.—Under Kirby's Digest, §
   5098, providing for punishment of one guilty of selling liquor
   without license, and that "each day of such unauthorized selling
   shall constitute a separate offense," one who has been convicted
   of unlawfully selling liquor to one person on a certain day can not
   be convicted of making another sale to another person on the same
   day. (Page 63.)

Appeal from Sebastian Circuit Court, Greenwood District; *Daniel Hon,* Judge; reversed and dismissed.

### STATEMENT BY THE COURT.

Appellant was charged with selling liquor without license, upon the following indictment, the formal parts omitted.

"That the said Andy Zaccanti, in the county, district and State aforesaid, on the 17th day of November, 1911, unlawfully did sell and give away and unlawfully was interested in the selling and giving away of ardent, vinous, malt, spirituous and intoxicating liquors without first having procured a license from the county court of said county, authorizing the sale of the same, against the peace and dignity of the State of Arkansas."

He filed a motion to quash the indictment, alleging that there was another indictment pending against him for unlawfully selling liquor on the 17th day of November, 1911, upon which he had already been tried. This motion was overruled. He then pleaded a former conviction and not guilty.

This indictment and one in another case, which had already been submitted to the jury, upon the calling of this case for trial, each charged the sale of liquor on the same day, and the proof showed that appellant sold beer to two different parties on the same day and at the same time. Defendant was put upon trial on the first indictment, and the sale to one of the parties was proved, and the case submitted to the jury, and upon its retiring he was put upon trial in the indictment herein, and while the trial was in progress the jury in the other case returned a verdict of guilty against him.

Upon permission of the court, he pleaded the former conviction, which was proved, and also the fact that the sale relied upon by the State for conviction in each case occurred on the same day, as already stated. He then requested a peremptory instruction of not guilty, and upon the denial thereof

asked the court to instruct the jury to acquit him in this case if they should find from the evidence that the sale of beer proved was made on the same day upon which the sale was made, which was proved or in evidence before the jury in the case wherein he had already been convicted. The court refused to give this instruction over his exceptions, and instructed the jury that if they should find beyond a reasonable doubt that the defendant within the district, county and State, within one year next before the finding of the indictment, sold beer, as testified to by the witnesses for the State, without first having obtained the license, they would find him guilty. The jury returned a verdict of guilty and assessed a fine of $75, from which this appeal comes.

*George W. Dodd,* for appellant.

The plea of former conviction should have been sustained. The statute is clearly directed against each day's unlawful business, and not against separate sales on the same day. Kirby's Dig., § 5112; 56 Ark. 350.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee.

Appellee confesses error. The statute specifically provides that *"each day* of such unauthorized selling shall constitute a separate offense." The Legislature by the use of this language impliedly excluded the operation of the statute as to *each separate sale.*

KIRBY, J., (after stating the facts). This indictment charges the sale of liquor without first procuring a license, as required by section 5093 of Kirby's Digest, the punishment for which offense is prescribed by section 5112 of the Digest, which makes provision for different and greater penalties upon the second and third conviction of a similar offense, with a proviso as follows:

"Where more than one indictment is found against the same party or parties at the same term of court, if it be the first charge or charges of this nature against the party or parties, the same punishment shall be inflicted under each indictment as if it were the first offense, and each day of such unauthorized selling shall constitute a separate offense."

It is insisted that, since both of the sales of liquor charged

against the defendant occurred on the same day at the same time, they constitute but one offense under said proviso, and the Attorney General confesses error, and we are of the opinion that the confession of error should be sustained.

The proviso is to be construed with reference to the immediately preceding parts of the clause, to which it is attached. Lewis' Sutherland, Statutory Construction, §§ 352, 420; *Friedland* v. *Sullivan*, 48 Ark. 213; *United States* v. *Bobbitt*, 1 Black, 94; *McRae* v. *Holcombe*, 46 Ark. 310; *Towson* v. *Denson*, 76 Ark. 306.

It is stated therein that "each day of such unauthorized selling shall constitute a separate offense," and the meaning is so clear and plain as to admit of no other construction, and, by the use of such language, it could not have been the intention of the Legislature to make each sale a separate offense, but only each day's unauthorized selling without regard to the number of sales made where it is the first offense, as designated in said proviso.

This being the first offense and the sales both being shown to have been made on the same day, but one offense was committed, and but one conviction could be had therefor.

The court erred in denying the plea of former conviction and in refusing to instruct a verdict for appellant.

The judgment is reversed, and the cause dismissed.