TURNER v. WEITZEL.

Opinion delivered December 2, 1918.

1. INNKEEPERS—LIABILITY FOR GUESTS' PROPERTY.—Under Acts 1913, p. 934, § 2b, making an inn or hotel keeper liable only as a depositary for hire as to personal property placed by his guests under his care, the keeper of a hotel is no longer liable in such case as an insurer, but is held to the exercise of ordinary care and diligence.

2. TRIAL—DIRECTION OF VERDICT.—Where, under the evidence, the jury would have been warranted in finding either way on the question of an innkeeper's negligence in regard to the personal property of a guest, it was error to direct a verdict for the plaintiff.

3. SAME—DIRECTION OF VERDICT.—Where the plaintiff testified that his wearing apparel which was stolen from his room at defendant's hotel cost him $85, and that he had worn it only a short time, it was error to direct a verdict for plaintiff in the sum of $50.

Appeal from St. Francis Circuit Court; *J. M. Jackson*, Judge; reversed.

*J. W. Morrow*, for appellant.

1. Prior to the Act 1913, No. 217, pages 936-7, appellant was liable as an insurer. 103 Ark. 593. After the passage of that act he was only liable as a bailee for hire. 14 R. C. L. 33-34. Negligence was a good defense. The question should have been submitted to a jury as appellant was not an insurer but liable only for loss occasioned by negligence and only then to the extent of $50. It was error to direct a verdict.

McCULLOCH, C. J. Appellee was a transient guest at appellant's hotel in Forrest City, Arkansas, on Novem-

ber 30, 1917, and afterwards instituted this action against the latter to recover the value of certain of his wearing apparel which it is alleged was stolen from his room in appellant's hotel on the day mentioned above. The action originated before a justice of the peace, but was tried before a jury in the circuit court on appeal, and, after all the testimony was introduced, the court gave a peremptory instruction in favor of appellee.

The testimony shows that appellee was, as before stated, a transient guest at appellant's hotel on the day named and several days prior thereto, and that between the hours of 3 and 5 o'clock P. M. appellee's wearing apparel, a suit of clothes, an overcoat, a hat, a pair of shoes and a suit of underwear, was stolen from his room at the hotel, and has never been restored to him. The testimony tends to show that the articles were stolen by two other guests at the hotel who left town that afternoon, and who were subsequently apprehended in a near-by city, but appellee's wearing apparel was not recovered.

Appellee was temporarily in Forrest City as an electrician engaged in certain railroad work, and spent the nights in his room at the hotel, leaving each morning to be absent throughout the day while engaged at work. He was absent from the room during that day, and when he returned to the room late in the afternoon discovered that his wearing apparel had been stolen. The room was not locked. There was a lock on the door, but no key had been furnished to appellee to use in locking the room when he left it. He had a key of his own which, after the loss of the property, it was found would lock the door, but appellee testified that he did not know up to that time that the key would fit the lock. No request was made by appellee for a key, and it is disclosed in the testimony that it is customary not to lock the doors in the hotel. Appellee testified that the wearing apparel cost him the aggregate sum of $85, and that he had worn the clothing only a short time—a part of it two weeks, and some of it a month or two. The court directed the jury to return a verdict in appellee's favor for the sum of $50.

. We decided in the case of *Pettit* v. *Thomas*, 103 Ark. 593, that the keeper of a hotel (quoting from the syllabus) "is an insurer of the property of his guest committed to his care and liable for any loss thereof, not arising from the act of God or the public enemy, or the neglect or fraud of the guest himself." That was stated to be the common law rule on the subject, and that it was applicable in this State in the absence of a statute changing it. That case was decided in the year 1912, but since that time the law on that subject has undergone a material change by the enactment of the act of March 29, 1913. See Acts 1913, page 934. The first section of that statute provides, in substance, that hotel keepers who keep a safe on hand suitable for the custody of moneys, jewelry and other valuable articles, and who keep locks on the doors of the sleeping rooms used by the guests, and who post a copy of that section of the statute in conspicuous places in the hotel, shall not be liable to guests on account of loss of such articles, unless the same are tendered to the hotel keeper for safe keeping and such tender is refused. Section 2a of the statute provides that guests at hotels, upon delivering to the hotel keeper or his servants any baggage or other articles for safe keeping, except such as are taken to the room of the guest, must demand a check or receipt to evidence the fact of such delivery, and that the keeper of the hotel shall not be liable for loss or injury of such property "unless the same shall have been actually delivered by such guest to such hotel proprietor or to his servants for safe-keeping, or unless such loss or injury shall have occurred through the negligence of such hotel proprietor, or by his servants or employees in such hotel." The next section reads, in part, as follows:

"Section 2b. (Character of liability as to such other property; limitations.) The liability of the keeper of any inn or hotel, whether individual, partnership or corporation, for loss of, or injury to, personal property placed by his guests under his care, other than that described in the preceding sections, shall be that of a depos-

itory for hire, except that in case such loss or injury is caused by fire not intentionally produced by the innkeeper or his servants, such innkeeper shall not be liable. Provided, however, that in no case shall such liability exceed the sum of one hundred and fifty dollars for each trunk and its contents, fifty dollars for each valise and its contents, and ten dollars for each box, bundle or package and contents, so placed under his care, and all other miscellaneous effects, including wearing apparel and personal belongings, fifty dollars, unless he shall have consented in writing with such guests to assume a greater liability. * * *''

It is seen from an examination of the statute that section 2b deals with the liability of hotel keepers for injury to or loss of property of guests kept in their rooms, and it is the section which declares the law applicable to the present case. It makes the keeper of the hotel liable as a bailee for hire, and abrogates the common-law liability as insurer. The statute absolves the hotel keeper from liability on account of fire unless caused intentionally by the keeper himself or his servants. A bailee for hire is not liable as insurer, but is held only to ordinary care and diligence. "If the benefit arising from the bailment is reciprocal," said this court in *Bertig* v. *Norman,* 101 Ark. 75, "then the law requires ordinary care and diligence on the part of the bailee and makes him responsible only for ordinary neglect. And this is the extent of his duty and liability, even though he may be so interested in the property as to make him a bailee for hire. In such case the bailee is liable only for negligence; and such negligence must be proved by the party seeking to make him responsible therefor. The mere loss of the property does not ordinarily fix a liability for the loss upon him, but it must be further shown that said loss arose by reason of his negligence." Other phases of the law on this subject are illustrated by the decisions of this court in *Union Compress Co.* v. *Nunnally,* 67 Ark. 284; *James* v. *Orrell,* 68 Ark. 284; *Phoenix Cotton Oil Co.* v. *Pettus & Buford,* 134 Ark. 76.

Tested by the statutory duty and liability of a hotel keeper, there was enough evidence to warrant a submission to the jury of the issue as to the negligence of appellant in the loss of appellee's property, and the court erred in giving a peremptory instruction in favor of appellee. Under the peculiar circumstances of this case the jury would have been warranted in drawing an inference either way as to the question of negligence of appellant in failing to afford protection against loss of property of his guests.

The court also erred in arbitrarily fixing the amount to be recovered, for the value of the property was solely a question for the jury to determine.

Reversed and remanded for a new trial.