## HUCKINS HOTELS *v.* SMITH.

Opinion delivered December 19, 1921.

1. INNKEEPERS—DEPOSITARIES FOR HIRE.—Under Crawford & Moses' Dig., § 5567, an inn- or hotel-keeper is liable as a depositary for hire as to personal property placed by his guests under his care, and is held merely to the exercise of ordinary care and diligence.

2. INNKEEPERS—LIABILITY FOR GUEST'S PROPERTY.—Though, under Crawford & Moses' Dig., § 5567, an inn- or hotel-keeper is liable as bailee for articles placed by a guest under his care only so long as the latter remains a guest of the hotel, the parties may enter into a special contract for the care of the guest's property during his absence from the hotel.

3. INNKEEPERS—BAILMENT—CONSIDERATION.—The agreement of plaintiff to stop at defendant's hotel in the city was a sufficient consideration for an agreement on defendant's part to keep plaintiff's property in his absence.

4. INKEEPERS—BAGGAGE CHECK AS EVIDENCE.—Where a guest at a hotel deposited certain articles with the hotel-keeper and accepted a check therefor which stipulated that the hotel-keeper would not be responsible for a longer period than ten days, the check was evidence of the contract, and the plaintiff could not vary its terms by parol evidence.

5. INNKEEPERS—LIABILITY FOR LOST BAGGAGE—INSTRUCTION.—Where a guest at a hotel deposited certain baggage with the hotel-keeper and accepted a check which stipulated that the latter would not be liable for a longer period than ten days, it was error to in-

struct the jury that if the baggage was lost while in custody and possession of the defendant, the latter would be liable for its value, regardless of the time when it was lost or whether the hotel keeper was negligent.

6.  INNKEEPERS—LOST BAGGAGE—JURY QUESTION.—Where a hotel-keeper was placed in exclusive possession of certain baggage belonging to a guest, it devolved upon the hotel-keeper to explain its subsequent loss; but where the evidence showed that the baggage was placed in a check-room, to which only the bellboys were permitted to have access, and that the baggage was left in the check-room five or six weeks before the plaintiff called for it, the question of the hotel-keeper's negligence was for the jury.

Appeal from Miller Circuit Court; *George R. Haynie,* Judge; reversed.

*Frank S. Quinn,* for appellant.

The evidence was not sufficient to sustain the verdict of the jury.

The court's instruction making the hotel an insurer of the articles checked was erroneous.     103 Ark. 593; act 217 of Acts of 1913, p. 934; 136 Ark. 503.

The hotel was a gratuitous bailee and not responsible except for gross negligence.     22 Cyc. 1087-1088; 52 Ark. 364; 93 Ala. 342; 12 L. R. A. 382; 9 So. 250; 47 Colo. 57; 107 Pac. 222; 28 L. R. A. (N. S.) 495; 82 Pac. 529; 2 L. R. A. (N. S.) 100; 22 Fla. 627; 1 So. 137; 41 Ga. 65; 70 Ga. 449; 81 N. Y. Supp. 291; 2 Lea 312; 9 Colo. 482; 59 Am. Repts. 152; 13 Pac. 589; 13 Colo. App. 59; 56 Pac. 188; 133 Mich. 163; 103 Am. St. Repts. 444; 94 S. W. 750.

HART, J.     George A Smith brought this suit in the municipal court of Texarkana, Ark., against the Huckins Hotels to recover the value of certain articles checked by him at the defendant's hotel in Texarkana, Ark., alleged to be of the value of $132.50.

In the municipal court judgment was rendered in favor of the defendant. Upon appeal to the circuit court, there was a trial before a jury and a verdict for the plaintiff in the sum of $85. From the judgment rendered this appeal has been prosecuted.

According to the testimony of Geo. A. Smith, the plaintiff, he was a traveling shoe salesman with headquarters at Texarkana, Ark. He stayed at the Huckins Hotels when he was in Texarkana. He told Paul G. Huckins, the manager of the hotel, that he wanted to get a room permanently at a lower rate in which to leave his clothes and other personal effects while absent from the city. Huckins replied that he could not do that, but he suggested that the plaintiff should make a bundle of his effects and check it when he left and have the porter bring it to his room when he returned. This understanding was had to avoid the payment of the regular rates while the plaintiff was absent on his trips. The plaintiff checked three different packages with the defendant. These packages contained a suit of clothes, some leather samples, three silk shirts and some felt slippers. The articles were in three different packages and Smith received three checks for them. The checks were in the following form:

"The Huckins Hotels"

"Oklahoma City,

"Fort Worth,          Grip,          Texarkana.

We will not be responsible for articles checked when holder of check ceases to be a guest or in any event for more than ten days.

"No. 67009.                    The Huckins Hotels."

The witness presented these checks to Mr. Huckins and demanded his packages, but did not receive them. On cross-examination he stated that at the time he left the packages and received the checks, he was getting ready to leave town. He left on Sunday night and returned the following Friday, but did not ask for his property then. He did this for three weeks before he asked for his packages. The hotel maintained a checkroom for its guests, and the plaintiff did not pay the defendant anything for keeping the three packages. The consideration for keeping them was that he should be a guest of the hotel when in town. Huckins did not make

any agreement with the plaintiff different from the statement contained in the checks, but assured him that the packages would be all right.

Paul G. Huckins, the manager of the hotel, testified that the articles had been left there for five or six weeks when the plaintiff presented the checks; that the boy tried to find the articles, but could not do so; that he does not recall any conversation with plaintiff about the matter, and made no agreement with him except what the checks stated.

The court instructed the jury that the special agreement under which the defendant agreed to take care of the articles in consideration of the plaintiff becoming the guest of the hotel when he was in the city of Texarkana was a sufficient consideration to bind the defendant to take care of the property.

The court further instructed the jury that if such a contract was entered into between the parties, and the property was lost while in the custody and possession of the defendant, the defendant would be liable for the value of it. The latter part of this instruction was wrong.

In *Turner v. Weitzel*, 136 Ark. 503, the court held that, under our statute making an inn- or hotel-keeper liable only as a depositary for hire as to personal property placed by his guests under his care, the keeper of a hotel is no longer liable in such case as an insurer, but is held to the exercise of ordinary care and diligence.

Under this statute, the hotel-keeper is a bailee for hire for the articles placed by a guest under his care, so long as the former is a guest of the hotel. This statute would not prevent the parties from entering into a special contract for the care of the guest's articles during his absence from the hotel on his trips as a traveling salesman. This is what the plaintiff says was done in the instant case, and we think that the agreement of the plaintiff to stop at the defendant's hotel while in the city of Texarkana, Ark., was a sufficient consideration

on his part to make the agreement binding on the hotel-keeper. The parties, however, saw fit to reduce their agreement to writing and this constituted and defined their respective rights and liabilities.

The check given by the defendant to the plaintiff for the articles, in plain terms stated that it would not be responsible when the holder of the check ceased to be a guest or in any event for more than ten days. As we have already seen, the statute made the defendant liable for the baggage of the plaintiff during the time he was a guest of the hotel, but the check limited the liability in any event to not more than ten days, meaning thereby ten days after the plaintiff ceased to be a guest of the hotel. The instrument was contractual in its nature, and the plaintiff could not vary its terms by parol evidence. His own evidence shows that he left the articles at the hotel for three or four weeks after he ceased to be a guest thereof before he demanded them.

Under the special agreement the hotel company was a bailee for hire, and was liable for the value of the goods lost only when the loss resulted from its negligence. *Hornor Transfer Co.* v. *Abrams,* 150 Ark. 8.

It follows that the court erred in telling the jury that, if the baggage was lost while in the custody and possession of the defendant, the defendant would be liable for the value of it, regardless of the time when it was lost, or of whether the defendant was negligent in keeping the property.

It is true that, the defendant having been placed in the exclusive possession of the property, it devolved upon it to explain the loss before the plaintiff could be put upon proof as to negligence. It cannot be said, however, that there was no evidence adduced by the defendant tending to show that the property was lost without negligence on its part. According to the testimony of the manager of the hotel, the articles sued for had been placed in the check-room of the hotel, which was located next to the elevator in the lobby. The check-

room was for the use of the guests of the hotel, and has a window in it without any glass, and a sill door. Only the bellboys are permitted in there. The articles had been left in there five or six weeks before the plaintiff called for them. This was sufficient to carry to the jury the question of the defendant's negligence. *Hornor Transfer Co.* v. *Abrams, supra.*

For the error in giving instruction above referred to the judgment must be reversed and the cause remanded for a new trial.