HACKNEY v. SOUTHWEST HOTELS, INC.

4-7921

195 S. W. 2d 55

Opinion delivered June 17, 1946.

*Charles Jacobson,* for appellant.

*House, Moses & Holmes* and *W. Horace Jewell,* for appellee.

E<small>D</small>. F. M<small>C</small>F<small>ADDIN</small>, Justice. The appellee owns and operates the McGehee Hotel in Little Rock. The appellant was the plaintiff in the lower court, and sued for $300 as the value of a camera. The cause was tried on an agreed statement of facts, which we copy in full:

"That on February 27, 1945, plaintiff became a guest at the McGehee Hotel in Little Rock, Arkansas, the said hotel then being operated by the defendant; that a room was assigned to and occupied by him; that at the time he had in his possession a camera such as is described in the complaint; that the plaintiff delivered the said camera to the defendant for safekeeping to be returned to him when he checked out of the hotel; that no compensation was paid by the plaintiff to the defendant for this safekeeping; that the defendant issued to the plaintiff a check in words and figures as follows, to-wit:

" 'McGehee Hotel

" 'Check

" 'Room............................................

" 'This check is issued with the understanding that this hotel is not responsible for any loss or damage to this baggage if left more than ten days.

" 'In no event shall the hotel's liability exceed the sum of twenty-five dollars. We will in no event be responsible for baggage checked by one not a guest of the hotel. The person accepting this check agrees to the above conditions.

" 'No. 2161'

"That the following day plaintiff checked out of the hotel and upon presenting his check was informed that the camera could not be located; the camera was never returned to the plaintiff; the plaintiff was offered the sum of $25 by the defendant which the plaintiff refused to accept; that the camera was small but valuable and was worth the amount sued for."

The trial court, a jury being waived, made the following findings and declarations:

"1. The loss of the property sued for and the liability therefor does not come within the terms of § 7202, Pope's Digest;

"2. That said loss is covered by § 7204, Pope's Digest;

"3. The liability for said loss is fixed by statute under § 7205, Pope's Digest, 'all other miscellaneous effects' at $50."

The appellant, by direct appeal, claims he is entitled to recover $300; and the appellee, by cross appeal, claims that the appellant is entitled to only $25 (being the amount stated on the claim check). We reach the conclusion that the appellant should recover $300, because the limitation in § 7205 does not limit or apply to § 7204. We elucidate:

I. Prior to Act 217 of 1913 a hotelkeeper was liable under the common law for losses sustained by a guest. In *Pettit* v. *Thomas*, 103 Ark. 593, 148 S. W. 501, 42 L. R. A., N. S., 122, Ann. Cas. 1914B 726, we said: "He is an

insurer of the safety of whatever baggage or other things he receives into his inn from his guest, whether in fact negligent in their keeping or not, except against the two overwhelming forces, termed the acts of God, or the public enemy.''

The case of *Pettit* v. *Thomas, supra,* was decided by this court on May 27, 1912; and the next General Assembly of Arkansas adopted Act 217 of 1913, which substituted statutory liability for the previous common law liability. This Act 217 of 1913 is now ·§ 7202, *et seq.,* Pope's Digest. We are concerned here with §§ 7202 to 7205, inclusive; and some of these sections have been before this court, directly or indirectly, in these cases: *Turner* v. *Weitzel,* 136 Ark. 503, 207 S. W. 39; *Huckins Hotels* v. *Smith,* 151 Ark. 167, 235 S. W. 787; *New York Hotel Co.* v. *Palmer,* 158 Ark. 598, 251 S. W. 34; *Fant* v. *Arlington Hotel Co.,* 170 Ark. 440, 280 S. W. 20, second appeal 176 Ark. 613, 4 S. W. 2d 7, Appeal to U. S. Sup. Ct., 278 U. S. 439, 73 L. Ed. 447, 49 S. Ct. Rep. 227; *Andrews* v. *Southwestern Hotel Co.,* 184 Ark. 982, 44 S. W. 2d 675.

II. Act 217 of 1913 is a comprehensive act, and covers the various situations that arise as to property of a guest in a hotel; so we proceed to consider the germane portions of the act, to determine which section is applicable to this case.

1. Section 7202, Pope's Digest, provides a method whereby a hotelkeeper may limit liability to a maximum of $300 for "money, bank notes, jewelry, articles of gold and silver manufacture, precious stones, personal ornaments, railroad mileage books or tickets, negotiable or valuable paper, and bullion.'' These are all the articles covered by § 7202. To limit the extent of liability as to these articles, the hotelkeeper must: (a) constantly have in his hotel a safe or vault, etc.; (b) keep on the doors of the sleeping rooms suitable locks; and (c) keep a copy of § 7202 printed in distinct type, constantly and conspicuously posted in not less than ten places in said hotel. Since the property here involved—*i. e.,* a camera—is not em-

braced in the list of property enumerated in § 7202, it is clear that this section does not apply to this case.

2. Section 7203 allows the guest and hotelkeeper to make a special contract in writing concerning the extent of liability of the hotelkeeper, for any of the property referred to in § 7202. Appellee contends that this § 7203 refers to "any property," and not merely property referred to in § 7202. But we cannot agree with appellee's contention. Section 7203 in one place refers to property "for deposit in such safe or vault," and in another place refers to "the above enumerated articles." Since the only articles enumerated prior to § 7203 are the articles enumerated in § 7202, it necessarily follows that the operation of § 7203 is limited to the articles enumerated in § 7202, which are the articles for which the hotelkeeper must provide a safe or vault, as mentioned in § 7202.

3. Section 7204 refers to "any baggage or other articles or property of such guest for safekeeping (elsewhere than in the room assigned to such guest)." In the case at bar the camera of the appellant was left with the hotel for safekeeping *elsewhere than in the room of the appellant.* So, it is clear that the liability of the appellee to the appellant is covered by § 7204 of Pope's Digest, just as was held by the Circuit Court.

4. Section 7205 refers to "personal property placed by his guests under his care, other than that described in the preceding sections." When we remember that any property which is in the hotel, and not in the instant control of the guest, is entrusted to the hotel for safekeeping, it is clear that this section embraces all property not covered by any of the three preceding sections. It relates to property left in the room while the guest is out of the room. Such was our holding in *Turner* v. *Weitzel,* 136 Ark. 503, 207 S. W. 39, which was our first case construing Act 217 of 1913, and in which case the hotelkeeper was held liable (under this section) for clothing that the guest left in the room. This section contains a limitation of liability which reads "provided, however, that in no case shall such liability exceed the sum

of $150 for each trunk and its contents, $50 for each valise and its contents, and $10 for each box, bundle, or package and contents, so placed under his care, and all other miscellaneous effects including wearing apparel and personal belongings, $50, . . . ''

The Circuit Court held that the camera of the appellant came under the $50 clause last quoted. We reach the conclusion—as previously stated—that the limitation of liability in § 7205 does not apply to § 7204, because the limitation of liability in § 7205 is only a proviso and is attached to § 7205 and not to § 7204. In *Zaccanti* v. *State,* 105 Ark. 60, 150 S. W. 122, in speaking of the effect to be given a proviso in a statute, we said: ''The proviso is to be construed with reference to the immediately preceding parts of the clause, to which it is attached. Lewis' Sutherland, Statutory Construction, §§ 352, 420; *Friedman* v. *Sullivan,* 48 Ark. 213, 2 S. W. 785; *United States* v. *Babbitt,* 1 Black 55, 17 L. Ed. 94; *McRae* v. *Holcomb,* 46 Ark. 306; *Towson* v. *Denson,* 74 Ark. 302, 86 S. W. 661.''

In 50 Am. Juris. 459 the rule here applicable is stated: ''The natural and appropriate office of a proviso is to modify the operation of that part of the statute immediately preceding the proviso, or to restrain or qualify the generality of the language that it follows. Indeed, the presumption is that a proviso in a statute refers only to the provision to which it is attached, and, as a general rule, a proviso is deemed to apply only to the immediately preceding clause or provision.'' See, also, 59 C. J. 1090. Since the proviso in § 7205 applies only to that section, and not to § 7204, it follows that there is no limitation of liability as to the value of property entrusted by the guest to the hotelkeeper under § 7204.

III. The appellee here is liable as a bailee for hire under § 7204. The agreed statement admits the receipt of the property by the hotel, and the hotel has offered no explanation for its non-return. In *Phoenix Cotton Oil Co.* v. *Pettus,* 134 Ark. 76, 203 S. W. 19 we held that the bailee for hire in exclusive possession of the property must explain its loss before the bailor is required to show the

bailee's negligence. Since no explanation of non-return is contained in the agreed statement, therefore the bailee stands liable on the evidence before us. The bailee for hire is liable for the value of the property, and that value here is agreed to be $300, which is the amount sued for.

·IV. The cross-appeal of the appellee is based on the language found on the claim check, as previously copied, and which reads in part: "In no event shall the hotel's liability exceed the sum of twenty-five dollars. . . . The person accepting this check agrees to the above conditions."

Appellee invokes the cases of *Mo. Pac. R. Co.* v. *Fuqua*, 150 Ark. 145, 233 S. W. 926, and *Mo. Pac. Trans. Co.* v. *Williams*, 207 Ark. 750, 182 S. W. 2d 762 as cases wherein we sustained somewhat similar language on a claim check as a valid limitation on the extent of liability. There is a big difference between the two cited cases and the case at bar. In each of the cited cases there was involved the liability of a carrier maintaining a checkroom for the public, and the carrier was under no obligation to maintain such a checkroom. Here there is involved the liability of a hotelkeeper maintaining a checkroom for his guests in order that the hotelkeeper—by such checkroom —might be released from the common law liability of absolute insurer. Statutes in derogation of the common law are to be strictly construed. (See cases in West's Arkansas Digest, "Statutes," § 239. See, also, 50 Am. Juris. 425.) We would be reading into the statute (§ 7204, Pope's Digest) something that is not there if we permitted the hotelkeeper by language on the claim check to limit the extent of his liability concerning property especially entrusted to his care, and concerning which property he would be an absolute insurer but for the statute, and concerning which property the ˖Legislature did not provide for the limiting of the extent of the liability of the hotelkeeper.

There is the significant fact that the Legislature prescribed in § 7202 a limit of liability; and in § 7203 allowed the hotelkeeper and the guest to make special contracts concerning the articles in § 7202; and in § 7205 the Legis-

lature limited the extent of liability. But in § 7204 the Legislature did not limit the extent of liability or provide that the hotelkeeper might limit the extent of his liability for property coming under the purview of that section. The rule of "*expressio unius est exclusio alterius*" (the expression of one is the exclusion of the other) applies to this statute. See *Cook* v. *Ark.-Mo. Power Corp.*, 209 Ark. 750, 192 S. W. 2d 210, and see, also, 50 Am. Juris. 238, and 59 C. J. 984. The failure of the Legislature to limit liability in § 7204 or to provide that the hotelkeeper and the guest might agree to limitation of valuation liability in § 7204 signifies a legislative intent that, as to property falling within the purview of § 7204, the hotelkeeper should be liable for the actual value of the property as a bailee for hire.

In short, the Fuqua case and the Williams case refer only to carriers maintaining checkrooms for the convenience of the public, and cannot be extended to hotelkeepers who are covered by Act 217 of 1913. The case of *Huckins Hotels* v. *Smith*, 151 Ark. 167, 235 S. W. 787 affords no support to the appellee here: for in the reported case the claimant was not a guest, while here the guest relationship existed between the appellant and the appellee.

There are many cases from other jurisdictions construing statutes of somewhat similar language aimed at limiting the common law liability of hotelkeepers. An exhaustive review of these cases would serve no useful purpose; because, as stated in 28 Am. Juris. 592: "Although statutes providing for the limitation of an innkeeper's common law liability for the property of his guests usually specify the classes of property to which they apply, the cases construing such statutes are not in harmony."

We conclude that the judgment of the Circuit Court should be reversed, and the cause remanded to the Circuit Court with directions to render judgment for the appellant for $300 and interest and costs. It is so ordered.