H. D. GRIMES *v.* M.H.M., INCORPORATED, d/b/a Camelot Hotel and Kinark Corporation, d/b/a Camelot Hotel

89-61                                                776 S.W.2d 336

Supreme Court of Arkansas
Opinion delivered September 11, 1989

*George F. Hartje, Jr.*, for appellant.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, by: *Robert L. Henry III* and *Michael J. Emerson*, for appellee.

DAVID NEWBERN, Justice. The appellant, H. D. Grimes, is the owner of a coin and pawnshop in Conway, Arkansas. He checked in as a guest at the Camelot Hotel in Little Rock where a coin show was to be held and he was to display merchandise. He took his luggage, which consisted of some nine items loaded on a dolly he had brought with him, to his sleeping room. His luggage included a briefcase and a larger briefcase, like a salesman's sample case, which, together, contained coins and jewelry he had brought for sale. The items in those two briefcases were, according to Mr. Grimes's deposition testimony, worth approximately $110,000. He left his luggage in his room unattended for a few minutes while he returned to the lobby to learn when the display area for the show would be ready. When he returned to his room the briefcases containing the coins and jewelry were missing. He brought this action against appellees, M.H.M., Inc. and Kinark Corporation, which were doing business as the Camelot Hotel. The appellees will be referred to here as "the Camelot." Grimes's

complaint alleged the Camelot was liable as an insurer of his loss and, alternatively, for negligence resulting in the loss.

A summary judgment, resulting from a motion made by the Camelot, was rendered in favor of Grimes for $300. The Camelot consented with respect to the amount of the damages on condition that the consent would be void if the judgment were reversed on appeal. The Camelot's motion was for a partial summary judgment limiting its liability to $300. The Camelot's memorandum brief on its motion stated it anticipated the granting of the motion would terminate the case, as it would consider offering judgment for $300 to Grimes pursuant to Ark. R. Civ. P. 68. Although the trial court referred to the summary judgment awarded as "partial", the concluding words of the document entitled "judgment" were, "that plaintiff shall have judgment against and recover from defendants the sum of THREE HUNDRED DOLLARS ($300) as hereinabove set forth." The trial court thus apparently treated the motion as one for a final summary judgment. We, therefore, will treat the award as an appealable judgment rather than as a partial judgment merely limiting the Camelot's liability in the event liability is established.

The $300 judgment was based on the limitation of an innkeeper's liability as provided in Ark. Code Ann. § 20-26-302 (1987). We must reverse because there is an issue of fact remaining as to whether the statute applies.

In *Hackney* v. *Southwest Hotels, Inc.*, 210 Ark. 234, 195 S.W.2d 55 (1946), we pointed out that at common law an innkeeper was an "insurer" of the safety of baggage or other things brought into the inn by a guest except in cases of acts of God or "the public enemy." Act 217 of 1913 provided limitations on that liability.

Subsections (a), (b), and (c) of § 20-26-302, which have undergone only minor changes since their original enactment as parts of Act 217, provide, in relevant part:

> (a) No hotel proprietor shall be liable for the loss of or injury to baggage or other articles of property of his guest, unless the baggage or other articles of property shall have been actually delivered by the guest to the hotel proprietor or to his servants for safekeeping, or unless the loss or

injury occurred through the negligence of the hotel proprietor, or by his servants or employees in the hotel.

(b) No . . . hotelkeeper, . . . who constantly has in his . . . hotel a metal safe or suitable vault in good order and fit for the custody of money, . . . jewelry, articles of gold and silver, precious stones, personal ornaments, . . . and who keeps on the doors of the sleeping rooms used by the guests suitable locks or bolts, and on the transoms and windows of the rooms suitable fastenings, and who keeps a copy of this section printed in distinct type constantly and conspicuously posted in not less than ten (10) conspicuous places in the hotel . . . , shall be liable for the loss . . . suffered by any guest unless the guest has offered to deliver the baggage or other articles or property to the . . . hotelkeeper for custody in the metal safe or vault, and the . . . hotelkeeper has omitted or refused to take it and deposit it in the safe or vault for custody, and to give the guest a receipt therefor.

(c) The keeper of any . . . hotel shall not be obliged to receive from any one (1) guest for deposit in a safe or vault any property hereinbefore described exceeding a total value of three hundred dollars ($300) and shall not be liable for any excess of the property, whether received or not.

All the merchandise inside the stolen briefcases fell within one of the categories enumerated in § 20-26-302(b). It is undisputed that Grimes made no effort to check the cases and that there were lock box facilities available to him. His argument, however, is that the Camelot is not entitled to this limitation on liability because its security vaults or lock boxes were unsuitable for deposit of his goods, that the locks on the doors to the Camelot rooms were unsuitable because there were numerous keys which were unaccounted for which would open the rooms, and that the Camelot had not posted the required copies of the statutory section in "ten conspicuous places in the hotel."

With respect to at least one of the conditions set out in subsection (b) of § 20-26-302 a question of fact remains. The Camelot presented no evidence showing it had posted the required copies of the statutory section in ten conspicuous places.

The Camelot argues that Grimes had presented no evidence to show that the requirement was not met. Summary judgment may not be rendered, however, unless "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ark. R. Civ. P. 56(c). The only item before the trial court on the point was Grimes's deposition in which he testified he had hired a private detective who photographed the notices on the backs of the sleeping room doors in the Camelot, which were not copies of the statute, and who reported that there were no postings elsewhere in the Camelot of the required notice.

The burden of showing there is no remaining genuine issue of fact is on the party moving for summary judgment, and we view all the proof submitted in a light most favorable to the party resisting the motion. *Pinkston* v. *Lovell*, 296 Ark. 543, 759 S.W.2d 20 (1988). The Camelot has made no showing whatever that it complied with at least one of the prerequisites stated for limiting its liability, and thus the burden it assumed in making its summary judgment motion has not been met.

The Camelot argues, however, that subsection (c) of the statute would limit its liability regardless of the conditions stated in (b) because it provides that the innkeeper is not obliged to receive more than $300 in value of the property "hereinbefore described" and is not liable for any "excess of the property, whether received or not." That argument separates subsections (b) and (c) for consideration despite the fact that the only property "hereinbefore described" is that described in subsection (b). The two subsections must be interpreted together. It is apparent that the $300 limitation which appears in subsection (c) applies only where the innkeeper has complied with subsection (b).

Another part of Act 217 now appears virtually unchanged as Ark. Code Ann. § 20-26-303 (1987). That section provides:

> The liability of the keeper of any inn or hotel, whether individual, partnership, or corporation, for loss of, or injury to, personal property placed by his guest under his care, other than that described in the preceding sections, shall be that of a depository for hire, except that in case the loss or

injury is caused by fire, explosion, vehicle damage, or aircraft damage not intentionally produced by the innkeeper or his servants, or by acts of God, the innkeeper shall not be liable, unless the loss is intentionally or negligently caused by the innkeeper or his servants. In no case shall liability exceed the sum of three hundred dollars ($300) for each trunk and its contents, one hundred dollars ($100) for each valise and its contents, and twenty-five ($25.00) for each box, bundle, or package and its contents, so placed under his care, and all other miscellaneous effects including wearing apparel and personal belongings, one hundred dollars ($100), unless he shall have consented in writing with the guest to assume definite liability.

We have held this language applicable to items left by a hotel guest in a hotel room. *Turner* v. *Weitzel*, 136 Ark. 503, 207 S.W. 39 (1918). Although the judgment here was not based on this section, the trial court mentioned in the judgment that it was applicable "alternatively" and would limit the Camelot's liability to $300 for each of the briefcases. We discuss it here only for the purpose of guidance upon remand.

Section 20-26-303 does not apply in this case. It specifically states that it is applicable to limit liability for "personal property placed by his guest under . . . [the innkeeper's] care, other than that described in the preceding sections . . . ." One of the preceding sections of the act is 20-26-302, where coins and jewelry are described.

Reversed and remanded.