The Honorable Bruce Hawkins State Representative 211 East Church Street Morrilton, AR 72110
Dear Representative Hawkins:
This is in response to your request for an opinion concerning the certification of juvenile probation and juvenile intake personnel provided by contract providers as allowed in A.C.A. 16-13-330.
Please note that I have attached a copy of Opinion No. 89-369
issued recently to Mr. Bobby Norman, which discusses the situation which is the subject of your question. Your ultimate question is whether these contract personnel are REQUIRED to be certified by the Commission on Law Enforcement Standards and Training. This is a question which was left unanswered in Opinion 89-369 because it was not specifically asked in that opinion request. It was noted in that opinion, however, that the question of whether these personnel are REQUIRED to be certified is a very unclear one under current law. On the one hand, the language of Act 418 of 1989 appears to allow for contract services without the necessity of complying with the other requirements of the statutes, which are that the juvenile officers shall be (1) employed by the juvenile division of the chancery court; (2) serve at the pleasure of the judge; (3) be certified; and (4) have their salaries paid by the county. The act sets out these requirements and then states that it is "provided" that intake and probation services can be provided by contract providers. It seems clear that this provisional clause intends to negate the requirements that the personnel be employed by the juvenile division, serve at the pleasure of the judge, and be paid by the county. It may seem logical that the certification requirement is also obviated by the provisional clause.
On the other hand, Act 550 of 1985 expresses an intention that "juvenile officers" be trained and certified by the Commission in an effort that qualified personnel undertake the duties of these officers. Your question may turn, then, upon whether these personnel are "juvenile officers." It is clear that they perform the duties of juvenile officers even though they may not be appointed by government, and actually become "officers." See generally 67 C.J.S. Officers 9. It is my opinion, however, that even if these personnel are not "juvenile officers," it may have been the legislative intent that they be certified nonetheless. If these contract personnel are not required to be certified, and many or all counties take advantage of the contract services, then the juvenile courts of this state will be staffed with untrained and unqualified intake and probation personnel. This result seems to subvert the intention of Act 550 of 1984.
It is thus my opinion that the question of whether these contract personnel are REQUIRED to be certified is an area which demands legislative clarification. Currently, the statutory language does not seem to require certification, but it is my opinion that the legislative intent may have been that these personnel be certified. See generally Friedman Bros. v. Sullivan, 48 Ark. 213
(1886). The answer to this question is ambiguous under current law, although the technical language of the statutes may lend to the conclusion that these persons need not be certified.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
NOTE: At the time of typing this (89-384) into the system, Opinion No. 89-369 referred to above was not yet in the system.