## KETCHUM et al. v. GORDON.

No. 19897. Opinion Filed April 28, 1931.

Motion to Dismiss Appeal Denied June 16, 1931.

A. E. Montgomery, for plaintiffs in error.

E. M. Connor, for defendant in error.

HEFNER, J. John K. Gordon, defendant in error herein and plaintiff below, was a guest at the Ketchum Hotel in the city of Tulsa, Okla., from August 31, 1927, to December 15, 1927. The hotel was operated by the Ketchum Hotel Company, a corporation. Henry R. Ketchum, who was made a party defendant in the trial court, was manager for the hotel company. While a guest at the hotel plaintiff lost from his room certain articles of the value of $165. Action was brought by him against the Ketchum Hotel Company and H. R. Ketchum to recover the value thereof. The case was tried in the common pleas court of Tulsa county. Judgment was rendered in favor of plaintiff.

It is contended by defendants that the court erred in overruling their demurrer to plaintiff's evidence. A demurrer thereto was lodged on behalf of each defendant. The same should have been sustained as to the defendant Henry R. Ketchum. The evidence shows that he was merely acting as manager for defendant hotel company and could therefore not be held personally liable to plaintiff. As to the defendant Ketchum Hotel Company, the demurrer was properly overruled.

Plaintiff established the loss of his property while a guest at the hotel; that the property disappeared from his room in his absence. This evidence was sufficient to make out a prima facie case and to place the defendant on its defense. It is argued by the hotel company that plaintiff failed to show that it was either owned or operated by defendant. In this defendant is mistaken. S. J. Stewart, assistant manager of the hotel, and E. H. Kauffman, chief clerk, both testified that the hotel was operated by the Ketchum Hotel Company.

Among the articles lost by plaintiff there appeared a kodak of the alleged value of $125. Defendant established on cross-examination of plaintiff that it kept a fire-proof safe and had posted in plaintiff's room notice as provided by section 5211, C. O. S. 1921, and contends that by reason thereof it could not be held liable for the loss of the kodak in the absence of a showing of negligence on its part. This section provides:

"If any innkeeper or boarding house keeper keeps a fireproof safe, and gives notice to a guest or boarder, either personally or by putting up a printed notice in a prominent place in the room occupied by the guest or boarder, that he keeps such a safe and will not be liable for money, jewelry, documents or other articles of unusual value and small compass unless placed therein, he is not liable, except so far as his own acts contribute thereto, for any loss of, or injury to, such articles, if not deposited with him, and not required by the guest or boarder for present use."

Under this section, in our opinion, plaintiff was not required to leave the kodak for deposit in defendant's safe in order to hold it liable, if the same was required by him for present use. The court so instructed the jury. The finding was favorable to plaintiff. We think the same sufficiently supported by the evidence. Plaintiff testified that he was representing Leshon & Son, a wire rope company; that his work in its behalf required detailed photographs of oil field equipment; that he was required to take the photographs and forward them to the home office of his company in St. Louis, Mo. That on the morning of the day on which the kodak disappeared he was preparing to go to work in Seminole; that he needed the kodak in this work and intended to take the same with him. That he loaded the same with films,

left it on the desk in his room, locked the door and went to breakfast; that the kodak disappeared while he was eating breakfast. We think this evidence sufficient to support the finding that the kodak was required by plaintiff for present use.

Defendant next contends that the court erred in excluding certain evidence offered by it. The defense was that the property was lost through the negligence of plaintiff. That he permitted others to occupy his room in his absence. That he gave these parties his key to unlock the door in order to enter therein and that he failed to leave the key with the clerk of the hotel when absent from the room, as required by the rules of the hotel. Defendants offered evidence tending to prove that plaintiff on several occasions carried the key with him when absent from the room. That women were seen unlocking the door and entering the room in his absence. This evidence was excluded on the ground that the time these incidents occurred was not shown, but in excluding the testimony the court ruled that if defendants could show that they occurred at or near the time the property disappeared from the room, the same would be admissible, and did admit evidence of like character when shown to have occurred near the time the property disappeared. There was no error in this ruling.

Some of the court's instructions are criticized by defendant, but the record discloses no exceptions to them, and for that reason it is not necessary for us to pass upon them.

Judgment is affirmed as to defendant Ketchum Hotel Company and reversed as to defendant Henry R. Ketchum, with directions to vacate the same as to him.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. ANDREWS, J., absent.

Note.—See under (1) anno. L. R. A. 1917F, 840; 14 R. C. L. p. 533; R. C. L. Perm. Supp. p. 3629; (3) 14 R. C. L. p. 528; R. C. L. Perm. Supp. p. 3629.