WILLIAM E. RAUBER, PLAINTIFF-RESPONDENT, v. HENRY A. ZINNER, DEFENDANT-APPELLANT.

Submitted May 7, 1940—Decided May 27, 1940.

Before Justices TRENCHARD, BODINE and PORTER.

For the defendant-appellant, *Frank Pascarella*.

For the plaintiff-respondent, *I. Louis Logan*.

PER CURIAM.

The plaintiff was a dealer in new and second-hand automobiles. The defendant was driving one of the plaintiff's cars when the damages occurred for which there was recovery. Since the defendant contemplated the purchase of the car

and was trying it out; it is conceded that there was a bailment for the mutual benefit of the parties to the action. The bailee was, therefore, liable for ordinary negligence. *Kittay* v. *Cordasco,* 103 *N. J. L.* 156. However, since the car was in good condition when taken out, and when returned it was damaged, a *prima facie* case was established which put the bailee to his defense. *Jackson* v. *McDonald,* 70 *Id.* 594; *Dantes* v. *McGann,* 98 *Id.* 55; *New Jersey, &c., Insurance Co.* v. *Galowitz,* 106 *Id.* 493.

Appellant's argument is that his proofs overcame the *prima facie* case of negligence. We do not think so. The trier of the facts could properly find otherwise. The case is one of cross road collision. The night was wet and the roads slippery. The defendant was driving on Washington avenue, Westwood, and as he approached Magnolia avenue he saw a car approaching on his left. He proceeded to the center of the intersection bringing his car to a stop. The car was struck on the front; the other car on its right side. We cannot say as a matter of law that he was not negligent.

The question for the trier of facts, was whether the defendant exercised due care at the time of the collision. When visibility is low, as on the night in question, bringing a car to a stop in the center of a road intersection in the path of a car being driven in a negligent and careless manner might be fairly regarded as the failure to exercise that degree of care which should be shown by a reasonably prudent man.

The plaintiff to prove damages proved the reasonable cost of repair. This we regard as the proper measure of damages in a case of this kind. Damages, however, were based upon two elements; cost of necessary parts and value of services in adjustment thereof. This would, of course, have been proper if in determining costs, actual cost to the plaintiff had been used as the standard rather than the manufacturer's list price. The judgment reduced by the amount of the dealer's discount on cost of parts will be affirmed, but without costs.