## PARK-O-TELL CO. v. ROSKAMP.

No. 33715.   July 18, 1950.

Rehearing Denied Oct. 24, 1950.

*223 P. 2d 375.*

Butler & Rinehart, Oklahoma City, for plaintiff in error.

Pierce, Rucker, Mock, Tabor & Duncan, of Oklahoma City, for defendant in error.

JOHNSON, J.   The parties herein occupied reverse positions in the trial court, and they will hereafter be referred to as plaintiff and defendant.

This is an action to recover for loss of an automobile and its contents under innkeepers law.

The plaintiff alleged in his petition that he and his wife registered as guests at the defendant's hotel, known as Park-O-Tell, in Oklahoma City on October 15, 1946; that in consideration of the room rent paid, defendant furnished a garage in which to park the plaintiff's automobile; that on the afternoon of said day, after registering at the hotel, he turned the custody of his car over to an attendant of the defendant; that plaintiff saw the attendant drive his automobile into the garage and park it; that at the time he turned the car over to the attendant it contained numerous personal belongings of the plaintiff and his wife, a list of which plaintiff attached to his petition; that on October 16 he asked for his car, but defendant failed to deliver the same to plaintiff; that after making search of the garage defendant advised him that the car had been stolen; that the car was of the value of $1,700; that the personal property of plaintiff and wife

left in the car placed in custody of defendant was of the value of $935.40; that by reason of the theft of his vehicle he expended $191 railroad fare to return home; and prayed judgment for $2,826.40.

Defendant answered denying generally the allegations of the plaintiff's petition, and specifically alleged that it made no charge for parking purposes for the use of said garage and that it makes none to any of its guests; that it took no possession, custody or control of the plaintiff's automobile or any of its contents; that the automobile was not placed in its care or custody; and that it takes no custody of any of the automobiles of its guests, either by servants, agents, employees or otherwise. Defendant further alleged that plaintiff left his keys in his automobile, and was thereby guilty of negligence and that his loss was due to lack of care of plaintiff; and that plaintiff assumed full responsibility of any and all losses.

Upon the issues thus joined, trial was had to a jury. The court instructed the jury that under the facts in the case the defendant was liable to plaintiff and submitted to the jury only the question of the reasonable cash value of the automobile and contents. Verdict was for the plaintiff for $2,500, upon which the court rendered judgment accordingly. From this judgment, the defendant appeals.

Defendant presents error under two propositions: First, "The innkeepers law does not apply to the automobile or its contents." Second, "The question of liability, under proper instructions, should have been submitted to the jury."

It is asserted under proposition one that neither the law of innkeepers nor the law of bailments applies, and that the only liability, if any, rests upon the law of reasonable care and negligence.

The trial court submitted this case to the jury on the theory that it came within the innkeepers statute, 15 O. S. 1941 §501, which provides:

"An innkeeper or keeper of a boarding house is liable for all losses of, or injuries to, personal property placed by his guests or boarders under his care, unless occasioned by an irrestistible superhuman cause, by a public enemy, by the negligence of the owner, or by the act of someone whom he brought into the inn or boarding house, and upon such property the innkeeper or keeper of a boarding house has a lien and a right of detention for the payment of such amount as may be due him for lodging, fare, boarding, or other necessaries by such guest or boarder; and the said lien may be enforced by a sale of the property in the manner prescribed for the sale of pledged property."

That plaintiff was a guest of the hotel is undisputed. It is undisputed that as a guest he turned his car and its contents over to an attendant of the hotel; that this attendant told him that his car and personal property in it would be safe; that the attendant drove his car into the hotel and parked it, leaving the keys in it, as was usually done for the guests; that the next day he asked for his car and that defendant failed to return it; that defendant after making a search advised him that the car had been stolen.

The defendant admits that the Park-O-Tell is a place with a wide, sweeping drive into the center of the hotel, with parking space in the hotel and also space at the back of the hotel, which is enclosed, where, when needed, cars of guests are parked; that the parking facilities are advertised as a part of the accommodations furnished to the guests without extra charge. Defendant insists, however, that the hotel did not take possession of the guests' automobiles, but it is undisputed that attendants did take guests' automobiles at the entrance of the hotel, drive them into the hotel and park them, usually leaving the keys in them; that if driven into the hotel by the guest, the guest was instructed where to park; that often

it was necessary for the attendants to move the cars from one place to another in the hotel. Defendant, to sustain its contention that it did not take or have possession of plaintiff's car, suggests that plaintiff retained the right to go and get his automobile or the contents thereof at any time he desired; that plaintiff went into the hotel where his car was parked and took from it some personal items and returned to his room; that by doing so he knew that the keys were left in his car, and when he failed to lock the car and take the keys he was thereby guilty of negligence.

It is asserted by defendant that there was a sharp conflict in the testimony as to the facts under which the automobile was parked, as to whether the automobile and its contents were brought into the hotel, and as to whether or not the property in question was ever placed in the possession of and under the control of the defendant hotel, and as to whether the loss occurred by reason of the negligence of plaintiff. A careful examination of the record does not sustain this assertion. No witness of defendant denied or contradicted the statement of plaintiff as to what happened on the date that he registered at defendant's hotel. One of the attendants testifying as a witness for defendant said that on the date of the loss of the automobile he remembered plaintiff's automobile being parked in the hotel, but did not remember whether or not he talked to plaintiff when the car was brought into the hotel.

A review of the evidence convinces us that the evidence that plaintiff placed his automobile and its contents under defendant's care and that the plaintiff was without negligence is so conclusive that the trial court in the exercise of sound judicial discretion would have been compelled to set aside a verdict for the defendant. Under these circumstances the court was justified in its instruction taking from the jury the question of liability and leaving to it the question of damages.

Under the common law rule, an innkeeper, although not negligent, was liable for loss of property of a guest unless the guest was guilty of negligence or the loss was occasioned by an act of God or the public enemy. Steiner v. O'Leary, 59 N. Y. S. 2d 729, 186 Misc. 236, affirmed 64 N. Y. S. 2d 529, 186 Misc. 577.

This court, in Abercrombie v. Edwards, 62 Okla. 54, 161 P. 1084, with reference to the innkeepers statute of Oklahoma, sec. 501, supra, in the fourth syllabus said:

"The provisions of this statute that the innkeeper is liable for goods of his guests, 'placed under his care,' is declaratory of the common law, not restrictive thereof. Under such provision it is not necessary, in order to render the innkeeper liable for their loss, that the goods be placed under his special care, or that notice be given of their arrival. It is sufficient if they are brought into the inn in the usual and ordinary way and are not retained under the exclusive control of the guest, but are under the general and implied control of the innkeeper."

The term "property" as used in this statute, it being declaratory of the common law, is broad enough to cover an automobile and its contents. 43 C. J. S., Innkeepers, sec. 16.

The trial court in overruling motion for a new trial appropriately stated the issues and law in this case as follows:

"The legal questions presented on the trial and on the motion is novel and no case in point on the facts has been found. . .

"The material facts were undisputed, the court instructed the jury to find for the plaintiff under the innkeeper statute (O. S. 1941, 15-501), instructed them on the measure of damages (O. S. 1941, 12-590), and a verdict was returned for the value of the car, and personal

property left in it at the time it was parked with the defendant.

"The defendant contends that its liability, if any, is that of bailee as to the car, and in no event is defendant liable under the facts, for its contents.

"The defendant was an innkeeper and the plaintiff was a guest, when the loss occurred. All the facts and circumstances, including defendant's name, point to the fact that it was an inn having, and holding itself out to the public as providing, the facilities peculiar to an inn catering to transients traveling in private automobiles with their baggage and other accessories of travel. The conveniences offered to such travelers by an inn of this nature are well known. Emphasis is placed, as shown by the evidence, on the 'parking' feature, that is, the guest is relieved as a primary part of the services offered of the burden and necessity of securing a safe parking, that is storage, place for his car and its contents. The latter are not usually all necessary for the enjoyment of the food and lodging provided for a temporary stay in an inn and the storing of the car with contents in it is a decided convenience, and one which was furnished by the defendant.

"The offer of the defendant made to the public was accepted by the plaintiff. It was the intent of the parties that the defendant was furnishing and the plaintiff paying for the above mentioned service. The car and its contents, therefore, were personal property placed under the care of the defendant under the innkeeper statute."

Defendant's proposition two, that the question of liability, under proper instructions, should have been submitted to the jury is without merit.

The material facts being undisputed, the loss of plaintiff's property, and the relationship of innkeeper and guest as between defendant and the plaintiff being established, and there being no evidence of negligence of plaintiff, the question of legal liability under the innkeepers law was properly determined by the court, and it was not error under the facts in this case to instruct the jury to return a verdict for the plaintiff.

In this connection it is noted that the trial court in instruction number one said:

"In this case the court is of the opinion that under the law you should be instructed to return a verdict for the plaintiff, thus, the sole and only question for your determination will be the amount of damages. . . ."

In addition the court gave the other usual stock instructions, but defendant complains only as to failure to instruct as to legal liability and the negligence of plaintiff.

In view of what has been said, we deem further discussion unnecessary. The judgment is affirmed.

WELCH, CORN, LUTTRELL, and HALLEY, JJ., concur. GIBSON and O'NEAL, JJ., dissent.