Abraham SOLOMON, Appellant,

v.

DOWNTOWNER OF TULSA, INC., Appellee.

No. 8177.

United States Court of Appeals
Tenth Circuit.

March 14, 1966.

Delmer L. Stagner, Oklahoma City, Okl. (Leroy Powers and Givens L. Adams, Oklahoma City, Okl., with him on the brief), for appellant.

Jack Santee and William S. Hall, Tulsa, Okl. (W. E. Green, Tulsa, Okl., with them on the brief), for appellee.

Before PICKETT and SETH, Circuit Judges, and CHRISTENSEN, District Judge.

CHRISTENSEN, District Judge.

In the exercise of diversity jurisdiction, the trial court, sitting without a

**450**

jury, denied recovery to the plaintiff-appellant Abraham Solomon against the defendant-respondent motel for loss of jewelry taken by someone from a car which had been left by plaintiff in the parking lot of the motel. Asserting that the court erred in concluding that the notice provision of the Innkeeper's Act of the State of Oklahoma,[1] as well as his own negligence, precluded recovery of damages, plaintiff has taken this appeal.

The facts are without substantial dispute:

The plaintiff, a jewelry salesman, was a registered guest at defendant's motel. When he was ready to check out, he brought two large cases containing valuable jewelry samples from his work on the outside to the motel parking lot, where he left them in the trunk of his car while he reported to the motel desk to check out. The parking lot attendant saw him put the sample cases in the trunk, was told that plaintiff would be back after he had checked out, and retained the ignition key in the keyroom. The plaintiff himself kept the key to the trunk. When he returned to the parking lot his car was not there. It later was recovered by the police some distance away, but the trunk had been broken into and the jewelry was gone. The evidence does not disclose who took the car from the parking lot, and there was no proof that the loss was due to any negligence or connivance on the part of the motel or its employees.

The court granted judgment to the plaintiff for the slight damages to the car itself (apparently caused when the trunk was forced open by the thief) but denied recovery for the loss of the jewelry samples which were of the uncontroverted value of $39,267.46.

The common law rule making innkeepers strictly liable for various classes of property brought to the inn by guests was codified in Oklahoma in 1910 by Sec. 1113, Rev.Laws, 1910; 15 Okla.Stat. § 501. Later the statute was construed by

the Oklahoma Supreme Court to have broadened the common law rule which excluded special protection for merchandise samples, it being determined that all "personal property" was contemplated by the original Oklahoma statute. Abercrombie v. Edwards, 62 Okl. 54, 161 P. 1084 (1916). In 1939 the legislature revised the statute to provide further limitations on the liability of innkeepers under specified conditions. Laws 1939 § 2–5; 15 Okla.Stat.Ann. § 503, supra. Section 503a limits liability of the innkeeper if it provides a method of safekeeping for "money, jewels * * * articles of gold or silver manufacture, or other valuable property of small compass" for which it provides a required safe and posts specified notices. Plaintiff sought to show that this section furnished no protection to the defendant because notice of the availability of the safe was not sufficient in form and was not conspicuously posted, the safe was not adequate in size, and because the deposit requirement could have no application to the property of departing guests. Without discussing these contentions in detail, it seems sufficient to note our conclusion that subdivision a is not controlling [2] by reason of the more pertinent special provisions of subdivision b. Koch v. Oklahoma Turnpike Authority, 208 Okl. 556, 257 P.2d 790 (1953).

Section 503b, insofar as pertinent here, provides in effect that when the operator of the establishment has complied with another requirement of the statute (by providing inside latches, chains or bolts for all guest room doors, which was done) there is no liability for the personal property of a guest exceeding $250.00 in value, even though loss or damage is occasioned by the negligence of the proprietor or his employees or otherwise, "nor [even within the limits of $250.00] shall such proprietor, manager or operator be liable for the loss of or damages to any merchandise samples or merchandise for sale unless the guests bringing such mer-

1. 15 Okla.Stat.Ann. § 503b.

2. It is to be observed, nonetheless, that the trial court found that a proper safe had been provided and that notice thereof was given in harmony with the requirements of the statute.

chandise into such hotel, apartment hotel or inn shall have given such proprietor, manager or operator prior written notice of having the same in his possession, together with the value thereof, and receipt of which notice shall have been acknowledged in writing * * * unless such proprietor, manager or operator shall have contracted in writing with such guest to assume a greater liability."

▮ The trial court found that the jewelry in question was merchandise or merchandise samples used in the trade of plaintiff as a jewelry salesman within the contemplation of the quoted provisions of the statute, that notice was never given to the defendant that these samples had been brought into the motel, or of any unusual value thereof, and that there was no contract or agreement for the defendant to accept liability. There is substantial evidence in the record to support these findings. Thus, the exception to liability made by Section 503b was properly recognized and applied by the trial court. Cf. Anderson Hotels of Oklahoma v. Baker, 190 F.2d 741 (10th Cir. 1951). We see no merit in the plaintiff's contention that as so construed the statute is unconstitutional.

▮ Plaintiff relies primarily upon the case of Park-O-Tell Co. v. Roskamp, 203 Okl. 493, 223 P.2d 375 (1950), where full recovery against an innkeeper was allowed to a guest for loss of an automobile and its contents from a hotel parking lot, no notice having been given by the guest pursuant to Section 503b as far as the opinion indicates. In that case, however, the provision of the statute here deemed determinative apparently was neither considered by the court nor raised by counsel, nor were merchandise samples involved. In the absence of a ruling of the Oklahoma court directly on the point with which we are here concerned, we accept the opinion of the federal judge in Oklahoma concerning the local law, particularly in view of the clear limitations of the statute consistent with his views. United States Fidelity and Guaranty Company v. Lembke, 328 F.2d 569 (10th Cir. 1964); F. & S. Construction Company v. Berube, 322 F.2d 782 (10th Cir. 1963); Buell v. Sears, Roebuck and Co., 321 F.2d 468 (10th Cir. 1963).

▮ Plaintiff further contends that the notice provision of § 503b concerning merchandise samples, as well as those relating to safes, reasonably can have no application to the property of departing guests, citing Bendetson v. French, 46 N.Y. 266 (1871); Rockhill v. Congress Hotel Co., 237 Ill. 98, 86 N.E. 740, 22 L. R.A.,N.S., 576 (1908); Shiman Bros. & Co. v. Nebraska Nat. Hotel Co., 143 Neb. 404, 9 N.W.2d 807 (1943), and Heinz v. Leeds & Lippincott Co., 55 F.2d 829 (3d Cir. 1932). Without passing upon the reasoning of these cases in the light of the various statutes concerning deposits in safes and the circumstances there involved, we do not consider the cases persuasive here.

Under the Oklahoma statute the limitation of liability for the loss of merchandise samples depends not upon notice given by the innkeeper and their being left in a depository, but upon the giving of the required notice by the guest. It appears that prior notice would be as desirable, feasible and required in connection with the handling by hotel attendants of this type of property of departing guests as with reference to that of resident guests. And we would consider it incongruous and unjustified to conclude that although clearly there would have been no liability under the statute if the samples had been kept in the motel proper without the required notice, there could be unlimited liability when the plaintiff without any notice brought the samples from the street directly to the parking lot and himself placed them in the trunk of his car to which trunk he retained the key.

Claimed error because the trial court further found "on insufficient evidence" that the plaintiff himself was guilty of negligence, and its failure to expressly find on the issue of proximate cause, need not be considered in view of the dispositive effect of the other findings.

Affirmed.