293 Or. 636

Charles T. VILELLA, Appellant,

v.

SABINE, INC., et al., Appellees.

No. 57722.

Supreme Court of Oklahoma.

July 27, 1982.

Rehearing Denied Nov. 1, 1982.

Fogg, Fogg, Fletcher D. Handley, Jr., Howard & Handley, El Reno, for appellant.

Fenton, Fenton, Smith, Reneau & Moon, Donald R. Wilson, Oklahoma City, for appellee Sabine.

SIMMS, Justice:

Plaintiff Charles Vilella filed suit against defendant in the District Court of Canadian County, Oklahoma, and defendant removed the case to the United States District Court for the Western District of Oklahoma. The case was forwarded to this Court under the provisions of the Oklahoma Uniform Certification of Questions of Law Act.[1]

The cause of action arose under the following facts: On February 8, 1979, plaintiff's sons registered as paying guests at a motel in Oklahoma City operated by the predecessor corporation to defendant Sabine. Acting as his agents, plaintiff's sons were transporting his personal property to Pennsylvania in a truck and trailer. They inquired about a patrolled area where they could park the truck and trailer and were advised that the motel had an open parking lot, patrolled by a security guard during the night areas. During the evening hours of February 3 or the early morning hours of February 4, 1979, the vehicle and its contents were stolen from said parking lot. The defendant as owner and operator of the motel fully complied with the provisions of

1. 20 O.S.1981, § 1601 et seq.

**760**

15 O.S.1981, § 503[2] and 503(a) in maintaining safety features for the motel doors, a safety deposit box for valuables, etc.[3]

The United States District Court certifies the following questions of law which may be determinative of the issues involved:

1. Is a motel guest's vehicle and its contents parked in an outside, unenclosed, patrolled (at night) parking lot, provided for the use of the motel's guest, placed under the care of the motel within the meaning of 15 O.S. § 501?

2. If yes, do the limitations of liability in § 503b apply to such vehicle and its contents stolen from such a parking lot described above when the motel complies with § 503?

## I

We answer question one in the affirmative on the basis of prior case law. In

*Park-O-Tell Co. v. Roskamp,* 203 Okl. 493, 223 P.2d 375 (1950) the court found that property under 15 O.S.1941, § 501, included an auto and its contents.[4] § 501 is a codification of the common law which made the innkeeper a virtual insurer of the safety of property entrusted to his care by a guest. *Busby Hotel & Theatre Co. v. Thom,* 125 Okl. 239, 257 P. 314 (1927). Innkeeper's were made strictly liable not only because of the traveler's vulnerability and the necessity of reliance on the innkeeper's good faith, but the innkeeper was considered in a better position to protect himself from loss by regulating charges to indemnify himself.[5] Exceptions to this high standard of duty were the intervention of an Act of God, the public enemy, or negligence of the guest.

For property to be "under the care of the motel" it need not be exclusively within the

---

2. § 503 provides: It shall be the duty of the proprietor, manager or operator of any hotel, apartment hotel, or inn to equip the doors of all guest rooms in any hotel, apartment hotel or inn operated by him, with suitable night latches, night chains, or bolts, so placed on the inside of such doors, as to prevent such doors from being opened from the outside by key or otherwise. Laws 1939, p. 341, § 1.

3. § 503a provides: "Whenever the proprietor, manager or operator of any hotel, apartment hotel or inn shall provide a safe, vault or other depository for the safekeeping of any money, jewels, ornaments, bank notes, bonds, negotiable securities, or other valuable papers, precious stones, railroad tickets, articles of gold or silver manufacture, or other valuable property of small compass, belonging to guests of said hotel, apartment hotel or inn, and shall notify the guests thereof by posting a notice in a public and conspicuous place and manner in the office or public rooms, or in the public parlors, or in the guest rooms for said hotel, apartment hotel or inn, stating the fact that such safe, vault or other depository is provided, in which such property may be deposited, and [if such guests shall neglect to deliver such property to the person in charge of such office, for deposit in such safe, vault or other depository, the proprietor, manager or operator of such hotel, apartment hotel or inn shall not be liable for any loss of any such property,] sustained by such guest, whether by negligence of such proprietor, manager or operator, or his, her, or its servants, or employees, or by fire, theft, burglary or any other cause. Such guest shall, at the time of delivering such property to

the person in charge of the office of such hotel, apartment hotel or inn, advise such person of the actual value of such property and no proprietor, manager or operator or person in charge of the office of such hotel, apartment hotel or inn shall be required to receive property on deposit for safekeeping exceeding Three Hundred Dollars ($300.00) in value; and in case of loss of any such property so deposited for safekeeping, the proprietor, manager or operator of such hotel, apartment hotel or inn shall be liable only for the actual market or pecuniary value of such property, in no event exceeding the sum of Three Hundred Dollars ($300.00). Provided, that the proprietor, manager or operator of any hotel, apartment hotel or inn may, by special agreement in writing with any such guest or guests, receive property of greater value than Three Hundred Dollars ($300.00) and assume liability as shall be provided for in such written agreement. Laws, 1939, p. 342, § 2."

4. The 1941 statute is identical to the current 15 O.S.1981, § 501, which provides in pertinent part: "An innkeeper or keeper of a boarding house is liable for all losses of, or injuries to, personal property placed by his guests or boarders under his care, unless occasioned by an irresistable superhuman cause, by a public enemy, by the negligence of the owner, or by the act of someone whom he brought into the inn or boarding house."

5. See, *Kalpakion v. Oklahoma Sheraton Corp.,* 398 F.2d 243 (10th Cir. 1968), 52 ALR 3d 433.

control of the innkeeper. *Park-O-Tell, supra,* quoting an earlier case,[6] clarified the meaning of the phrase under 15 O.S.1981, § 501:

> "The provision of this statute that the inkeeper is liable for goods of his guests, 'placed under his care', is declaratory of the common law, not restrictive thereof. Under such provisions it is not necessary, in order to render the innkeeper liable for their loss, that the goods be placed under his special care, or that notice be given of their arrival. It is sufficient if they are brought into the inn in the usual and ordinary way and are not retained under the exclusive control of the guest, but are under the general and implied control of the innkeeper."

Some jurisdictions require the automobile to be in the custody and control of the innkeeper in a literal sense (e.g., the owner retains the keys, the innkeeper does not control the locking of the car or does not charge an extra fee for parking.)[7] Neither *Park-O-Tell, supra,* nor our statute requires a showing of custody and control, only that the property be under the care of the innkeeper.[8] Moreover, our legislature has not limited the liability of an innkeeper for the loss of an automobile by changing the common law rule and making the innkeeper liable as a bailee for hire.[9]

## II

We answer the second question in the negative. The limitations of liability in 15 O.S.1981, § 503b[10] do not apply to a

6. *Abercrombie v. Edwards,* 62 Okl. 54, 161 P. 1084 (1917).

7. See, *Cloward v. Pappas,* 79 Nev. 482, 387 P.2d 97 (1963).

8. See, *Dispeker v. New Southern Hotel Co.,* 57 Tenn.App. 379, 373 S.W.2d 897 (1963). *Dispeker* followed *Park-O-Tell* and rejected the hotel owner's argument that the auto was not *infra hospitium* because it had been parked in an open lot on the hotel's premises and not under the roof of the hotel. The court held that the parking lot was part of the hotel establishment.

9. See, *Andrews v. Southwestern Hotel Co.,* 184 Ark. 982, 44 S.W.2d 675 (1931).

10. Except as provided for in Section 2 of this act, [503(a)] whenever the proprietor, manager or operator of any hotel, apartment hotel or inn shall have complied with the provisions of Section 1 of this act [503] such proprietor, manager or operator shall not be liable for the loss of or damage to personal property brought into such hotel, apartment hotel or inn by any of the guests thereof exceeding Two Hundred Fifty Dollars ($250.00) in value, whether such loss or damage is occasioned by the negligence of such proprietor, manager or operator, or his, her or its servants, or employees or otherwise; nor shall such proprietor, manager or operator be liable for the loss of or damages to any merchandise samples or merchandise for sale unless the guests bringing such merchandise into such hotel, apartment hotel or inn shall have given such proprietor, manager or operator prior written notice of having the same in his possession, together with the value thereof, and receipt of which notice shall have been acknowledged in writing, but in no event shall such liability exceed the sum of One Hundred Dollars ($100.00) for each trunk and its contents; the sum of Seventy Five Dollars ($75.00) for each valise and its contents; the sum of Twenty Five Dollars ($25.00) for each package, box or bundle; the sum of Fifty Dollars ($50.00) for all other miscellaneous effects and property including wearing apparel, but in no event shall the total liability exceed the sum of Two Hundred Fifty Dollars ($250.00), unless such proprietor, manager or operator shall have contracted in writing with such guest to assume a greater liability. In case of the loss of or damage to any property left in any hotel, apartment hotel or inn by a guest, after he has departed therefrom, and has ceased to be a guest thereof, the liability of such proprietor, manager or operator shall be that of "gratuitous bailee", and in such case the extent of such liability shall be limited to not more than the sum of Fifty Dollars ($50.00). In case of loss or damage to any property while being transported to or from any hotel, apartment hotel or inn by the proprietor, manager or operator thereof, for or on behalf of such guest, the liability of such proprietor, manager or operator shall be limited to the sum of One Hundred Dollars ($100.00) for each trunk and its contents; the sum of Seventy Five Dollars ($75.00) for each valise and its contents; the sum of Twenty Five Dollars ($25.00) for each package, box or bundle; the sum of Fifty Dollars ($50.00) for all other miscellaneous effects and property, including wearing apparel, but in no event shall such liability exceed the sum of Two Hundred Fifty Dollars ($250.00), unless such proprietor, manager or operator shall have contracted in writing with such guest to assume a greater liability. Laws 1939, p. 342, § 3.

vehicle and contents, unless the items would fall under the provisions of § 503b.

While we agree with defendant that the purpose of § 503a and b was to limit the liability of innkeepers in derogation of the common law, the limitation applies to only certain types of property as enunciated in § 503a, "valuable property of small compass", and § 503b, providing for types of property that cannot be placed in a safety deposit box: "trunks", "valise", "box or bundle", "miscellaneous effects and property". An early decision of our Court, *Busby Hotel & Theater Co. v. Thom, supra,* agreed with the contention that the intent of § 501 was to make innkeepers insurers of all losses to personal property placed under their care, except where *specifically exempted.*

The 10th Circuit in *Solomon v. Downtowner of Tulsa,* 357 F.2d 449 (1966) recognized that § 503b was an exception to the strict liability rule of § 501 for certain kinds of property brought within the inn's care. *Solomon* involved an action against a motel owner for loss of jewelry (merchandise samples) from an automobile left in a motel parking lot while the plaintiff was checking out. Both car and jewelry were stolen, though the car was retrieved. The court upheld the award of damages to the car but denied recovery for the merchandise samples because the plaintiff had not followed the provisions of § 503b. The 10th Circuit, then, limited liability because of the nature of the property involved which fell specifically under § 503b; the court in no way intimated that liability would be so limited if a car and its contents [excluding items listed in § 503a and b were stolen from the motel's parking lot.

With no Oklahoma or 10th Circuit opinion directly on point, we look to another jurisdiction which has construed its statute limiting innkeeper's liability. In *Kushner v. President of Atlantic City, Inc.,* 105 N.J.Super. 203, 251 A.2d 480 (1969) plaintiff filed suit against an innkeeper for recovery of the value of his automobile which was allegedly lost or stolen while parked in the motel's lot. The defendant contended that the word "chattel" in the following statute included all kinds of property, including an automobile, and therefore defendant motel was liable only for a sum not to exceed $100.00:

> " * * * nor shall any such proprietor be liable in any sum for the loss of any article or articles of wearing apparel, cane, umbrella, satchel, balise, bag, box, bundle or other chattel belonging to such guest, the same not being in a room or rooms assigned to such guest, unless the same shall be specially intrusted to the care and custody of such proprietor or his duly authorized agent, and if such property shall be so specially intrusted, the proprietor shall not be liable for the loss of the same in any sum exceeding one hundred dollars."

The court held that such a construction would not be within the intention of the legislature which only sought abrogation of absolute liability for loss of a guest's personal property, *infra hospitium causa hospitandi.*[11] Furthermore, the court said:

> " * * * the rule of *ejusdem generis* would mitigate against the asserted interpretation made by defendant. The list of articles in the second clause of R.S. 29; 2–3, N.J.S.A. other than the term 'chattel', is specific in scope, i.e., 'articles of wearing apparel, cane, umbrella, satchel, valise, bag, box, bundle, or other chattel belonging to such guest, the same not being in a room or rooms assigned to such guests * * *' *Ejusdem generis* may be applied to general words in conjunction with words of specific meaning, to limit them to the class expressly mentioned."

We agree with the reasoning of the New Jersey Court and believe it expresses the intent of our legislature to limit liability[12]

---

11. This is defined as such property as the guest has with him for the purposes of his journey and as is necessarily incident to travel.

12. See, *Zurich Fire Ins. Co. v. Weil,* Ken.App., 259 S.W.2d 54 (1953) and *Hanover Ins. Co. v.*

*Alamo Motel,* Iowa, 264 N.W.2d 774 (1978). These courts noted the constitutional danger of limiting the liability of an innkeeper to a maximum amount regardless of the circumstances.

under § 503b only to those items listed—such items of personal use, convenience, instruction or amusement which the ordinary innkeeper and traveler would regard as baggage or luggage and which it is customary or reasonable to expect a guest to consign or keep with the room assigned to him by the innkeeper—rather than to *all* personal property.

CERTIFIED QUESTIONS ANSWERED.

IRWIN, C.J., and LAVENDER, HARGRAVE and WILSON, JJ., concur.

OPALA and DOOLIN, JJ., concur in results to Part I; concur in part to Part II.

BARNES, V.C.J., and HODGES, J., dissent.

OPALA, Justice, concurring in result as to Part I and in part of Part II:

My answers to the certified questions are somewhat at variance with those of the court.

### QUESTION I

Does innkeeper's liability extend to a guest's vehicle and its contents when the vehicle is parked "in an outside, unenclosed, patrolled (at night) parking lot, provided for the use of the motel's guests…"?

A means of conveyance is deemed to be *infra hospitium* and hence "under the care of" the innkeeper within the meaning of our statutory law[1] when it is left by the guest at the usual place provided for its accommodation,[2] and the innkeeper is answerable for its loss—*qua* innkeeper—absent actual delivery.[3] This rule applies here. The parking lot was doubtless provided by the motel for the vehicles of the guests. It was the "usual place" for their accommodation. When parked in the lot, the guest's vehicle stood placed in the "constructive custody" of the inn. The law requires no more than that to fasten upon the innkeeper his extraordinary liability for loss.[4]

### QUESTION II

When the innkeeper has complied with the terms of 15 O.S.1981 § 503a, do the recovery limits in 15 O.S.1981 § 503b apply to a vehicle (and its contents) stolen while *infra hospitium?*

Oklahoma law does not limit the range of the guest's personal property that falls within the extraordinary liability of the innkeeper. By the terms of 15 O.S.1981 § 501 the common-law rule, which once confined the innkeeper's responsibility to such goods and animals [*bona et catalla transeuntis*] as the guest ordinarily carries with him for the purposes of his journey—*causa hospitandi*—stands abrogated.[5] Nor do the provisions of 15 O.S.1981 §§ 503a and b impose *any* restriction on the charac-

---

1. Innkeeper's liability is statutorily defined by 15 O.S.1981 § 501. Our statute *varies but slightly from the common-law norm. Buck v. Del City Apartments, Inc.,* Okl., 431 P.2d 360, 364 [1967]. Oklahoma does retain the common-law requirement that the property of the guest be *"infra hospitium".* The accepted English counterpart of *"infra hospitium"* is "placed in the care of the innkeeper". That is the very phrase used in our § 501. The phrase is synonymous and legally co-extensive with the common-law term *"infra hospitium". Abercrombie v. Edwards,* 62 Okl. 54, 161 P. 1084, 1086 [1916].

2. *Clute v. Wiggins,* 14 Johns. (N.Y.) 175, 7 Am.Dec. 448 [1817]; *Abercrombie v. Edwards,* supra note 1, 161 P. at 1086. The limits of the common-law *hospitium,* or inn, have not been defined with precision and must depend somewhat on the particular circumstances of each case. *Albin v. Presby,* 8 N.H. 408, 410, 29 Am.Dec. 679 [1830].

3. *Abercrombie v. Edwards,* supra note 1, 161 P. at 1086; *Park-O-Tell Co. v. Roskamp,* 203 Okl. 493, 223 P.2d 375, 378 [1950]; *Ridgely Operating Co. v. White,* 227 Ala. 459, 150 So. 693 [1933]; *McDonald v. Edgerton,* 5 Barb. (N.Y.) 560 [1849].

4. *Merchants Fire Assur. Corp., Etc. v. Zion's Sec. Corp.,* Utah, 163 P.2d 319, 320 [1945].

5. The *causa hospitandi* limitation on the extraordinary liability of the innkeeper is inapplicable in Oklahoma. *Abercrombie v. Edwards,* supra note 1, 161 P. at 1085. *Busby Hotel & Theatre Co. v. Thom,* 125 Okl. 239, 257 P. 314, 316 [1927]. For a discussion of the *causa hospitandi* rule, see *Neal v. Wilcox,* 49 N.C. (4 Jones L.) 146, 67 Am.Dec. 266 [1856].

ter of property for the loss of which the innkeeper is legally answerable. They merely condition and limit the amount of recovery for the loss of certain enumerated goods. Vehicles—which are neither listed nor otherwise referred to among the items of property subject to the § 503b recovery limits—are clearly *dehors* the purview of that section. The rule of *expressio unius est exclusio alterius* applies here to place vehicles outside the monetary recovery limits of § 503b. All other goods which are comprised within the categories of property described in § 503b stand subject to innkeeper's liability limitations imposed by that section.

In the assessment of innkeeper's liability for the automobile's contents careful consideration must be given to the various statutorily-created categories of personal property:

(1)(a) money, railroad tickets, bank notes, bonds and negotiable securities;

(b) "other valuable papers";

(c) jewels, ornaments and precious stones;

(d) articles of gold or silver manufacture; and

(e) "other valuable property of small compass".

For the loss from car theft of an article described in Category 1, above, the innkeeper clearly is not liable. All such property is required to be deposited in the inn's safe. 15 O.S.1981 § 503a.

(2) If a dispute should arise as to whether some article does fall within the items described in Category 1, above, it must be treated as an issue of fact.[6]

(3) The innkeeper is statutorily absolved of liability for any "merchandise samples or merchandise for sale" unless he had prior notice of their presence within the inn and acknowledged it in writing. 15 O.S.1981 § 503b.

(4) Absent a written contract for greater liability, when the innkeeper has acknowledged in writing that he had prior notice of the presence of "merchandise" (as described in Category 3) within

the inn, monetary recovery for such merchandise is limited to $100.00 "for each trunk and its contents", $75.00 "for each valise and its contents", and $25.00 "for each package, box or bundle". 15 O.S. 1981 § 503b.

(5) Absent a written contract for greater liability, monetary recovery for "all other miscellaneous effects [other than "merchandise samples or merchandise for sale"] and property including wearing apparel" is limited to $50.00. 15 O.S.1981 § 503b.

(6) Absent a written contract for greater liability, *total* monetary recovery for all property described in the above categories, which was lost by the guest *before* his departure from the inn, cannot exceed $250.00.

(7) For the loss of articles which may be deemed to fall *dehors* those described as (a) "merchandise samples or merchandise for sale"; or (b) "all other miscellaneous effects and property including wearing apparel"; or as (c) "valuables" within the purview of Category 1, above, the innkeeper is liable—as for the stolen automobile—to the extent of the item's fair market value.

I would hence answer Question II by pointing out that in assessing the motel's liability for the contents of the automobile due consideration must be given to the separate categories created by §§ 503a and b.

I am authorized to state that Doolin, J., concurs in my views.

---

6. *Ketchum v. Gordon,* 151 Okl. 240, 298 P. 605, 606 [1931].